**SO ORDERED.**

**SIGNED this 21 day of December, 2007.**

_____
**A. Thomas Small
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| ROBERT WILLIAM NANCE
BETH MORRIS NANCE | 07-01727-5-ATS |
| DEBTORS | |

**ORDER REGARDING MOTION TO SET ASIDE STAY RELIEF ORDER
AND APPROVING NOTICE OF PRIVATE SALE**

The matter before the court is the chapter 7 trustee's motion to set aside the order allowing relief from the automatic stay entered on October 4, 2007, and the trustee's notice of private sale. A hearing took place in Raleigh, North Carolina on December 19, 2007.

Robert William Nance and Beth Morris Nance filed a petition for relief under chapter 7 of the Bankruptcy Code on August 10, 2007, and Holmes P. Harden was appointed trustee. On September 10, 2007, Mr. Harden filed a motion to sell property located at 421 Capellan Street, Wake Forest, North Carolina, free and clear of liens. No response to the motion was filed, and an order was entered allowing the motion on October 4, 2007. The trustee then retained York Simpson Underwood to list the property.

Option One Mortgage Corporation holds a first deed of trust on the Capellan Street property. The property was in foreclosure prior to the Nances' filing of their petition, but the foreclosure sale

was stayed when the petition was filed. Option One filed a motion for relief from the automatic stay to proceed with the foreclosure on September 12, 2007. No response to that motion was filed, and an order was entered lifting the stay as to Option One on October 4, 2007. The stay relief order was docketed approximately two hours after the order allowing the trustee's motion to sell the property free and clear of liens.

On October 31, 2007, Mr. Harden received an offer to purchase the property from Heidi and Paul Reynolds for $800,000. Mr. Harden requested some changes to the offer, and it was resubmitted on November 13. On November 7, 2007, Mr. Harden received an offer to purchase the property from Alex and Amy Nicholson for $665,000. The Nicholson offer was rejected, and on November 19, 2007, the trustee filed a notice of proposed private sale seeking court approval of the sale to Mr. and Mrs. Reynolds. An amended notice was filed on November 21, 2007. A hearing on the notice of private sale was scheduled for December 12, 2007, on an objections-only basis. No objections were filed. Option One was served with the notice and the amended notice.

Meanwhile, Option One moved forward with its foreclosure sale. Option One bid the balance owed on its debt, and Amy Nicholson filed an upset bid in the amount of $685,000 on November 9, 2007. On November 20, 2007, the foreclosing attorneys sent Ms. Nicholson a letter informing her that she was the successful bidder and advising that the title would be transferred upon tender of the purchase price. On November 28, 2007, Mr. Harden was notified by counsel for Option One that the bidding in the state court foreclosure had concluded. Mr. Harden contends that he was unaware that the stay had been lifted and the foreclosure sale has been conducted until November 28, and on November 30, 2007, he filed a motion to set aside the stay relief order and to void the foreclosure sale.

Mr. Harden admits that the motion for relief from the automatic stay appears to have been served on him both by mail and electronically, but he contends he did not receive the mailed copy and for some reason the electronically served motion was not brought to his attention.  Mr. Harden also contends that the order allowing his motion to sell and the order lifting the automatic stay are inconsistent and that it was a mistake for the court to enter both orders.  Mr. Harden contends that under Rule 60(b) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 9024 of the Federal Rules of Bankruptcy Procedure, the order allowing the motion for relief should be set aside due to the errors of both the trustee's office in not responding to the motion for relief and the court in entering both orders.

Ms. Nicholson opposes the motion.  She contends that her rights became fixed at the expiration of the upset bid period on November 19, 2007, and that Mr. Harden lost his ability to sell the property at that time.  Ms. Nicholson maintains that any equitable arguments, such as the sufficiency of the purchase price, had to be made prior to the expiration of the upset bid period under North Carolina law.  In addition, Ms. Nicholson maintains that the orders entered by this court are not inconsistent, but established a "race" to determine which sale could close first.

As an initial matter, the court agrees that the two orders are not inconsistent, and it was not an error for the court to enter both orders.  There was no response to the trustee's motion to sell the property, and it was appropriate for the court the approve the sale.  Similarly, no response was filed to the motion for relief from stay, and entry of the order was proper.  The result of the two orders was, in fact, a race to see which sale closed first.  However, any such race had to be fair. All parties, knowing that the goal of chapter 7 bankruptcy cases is to maximize the recovery for the estate,

3

should have been aware that the court would scrutinize the disposition of the property and insist that the disposition, either by trustee sale or foreclosure sale, be fair.

     Mr. Harden was required, as a trustee, to notice each step of the sale and to obtain court approval. All of his motions and notices were served on Option One, and Option One did not respond to any of the motions or notices despite its simultaneously conducting a foreclosure. On the other hand, Option One did not serve Mr. Harden with a notice of the foreclosure sale, though Mr. Harden filed a notice of the bankruptcy and his appointment as trustee with the Wake County Register of Deeds in August 2007. The real property was property of the estate, and as the trustee for that estate, Mr. Harden was entitled to notice of the foreclosure sale. Ms. Nicholson contends that only the record owner at the time of the foreclosure *hearing* is entitled to notice of the foreclosure hearing and the sale. Here, the bankruptcy was filed between the foreclosure hearing and the sale, effectively changing the owner of the property from the Nances to the estate and necessitating service to different parties for the sale than for the hearing. The court disagrees that service of the notice of sale on the Nances was sufficient under the statute. Option One, which had notice of the trustee's motion to sell, notice of the court's order approving the sale and filed a motion for relief from the automatic stay, was certainly aware of the bankruptcy, and should have given notice of the sale to the trustee. Because the trustee did not get notice of the sale until well after the expiration of the upset bid period, the foreclosure sale can not extinguish the interest held by the bankruptcy estate.

     Ms. Nicholson contends that she will be prejudiced if the court does not hold that forclosure sale defeats the estate's interest in the property. However, Ms. Nicholson, who made an offer to the trustee and also bid at the foreclosure sale, was well aware that the sales were proceeding

4

simultaneously, and she should have known that the court would ensure that the sales were conducted with fairness to all parties. She is a realtor, and knowing that the property was listed for $850,000, she could expect that the trustee was likely to get an price greater than the $665,000 offer she made through the broker. The only "prejudice" to Ms. Nicholson is that she will not get the windfall she hoped for, but she was not an innocent bidder with no knowledge of these unusual facts.

"The Bankruptcy Code gives bankruptcy courts broad discretion to monitor all aspects of bankruptcy cases and to prevent abuses of process." Logan v. JKV Real Estate Services (In re Bogdan), 414 F.3d 507, 513 (4th Cir. 2005). The parties were all aware of Mr. and Mrs. Nance's chapter 7 bankruptcy case. Had the "race" to sell the property been fairly conducted, and had the trustee been given timely notice of the foreclosure sale, the foreclosure sale would have extinguished the rights of the estate. However, the sale was not fair, and it is the trustee's sale that prevails over the foreclosure. Accordingly, trustee's private sale to Heidi and Paul Reynolds is **ALLOWED**.

**SO ORDERED**.

**END OF DOCUMENT**